UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KILROY BROWN,

                Petitioner,

v.
                                                          9:19-CV-1295
                                                          (TJM)
E. BELL,

                Respondent.

---

APPEARANCES:                                                  OF COUNSEL:

KILROY BROWN
Petitioner, pro se
14-B-1246
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

### I.    INTRODUCTION

      Petitioner Kilroy Brown filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). On October 24, 2019, the action was administratively closed due to petitioner's failure to properly commence it. Dkt. No. 2, Order dated 10/24/19. Petitioner was advised that if he desired to pursue this action he must so notify the Court and either (1) pay the filing fee of five dollars ($5.00), or (2) submit a completed, signed, and properly certified in forma pauperis ("IFP") application, within thirty (30) days of the filing date of that Order. *Id*. at 2. Petitioner timely remitted the statutory filing fee, and the case was reopened. Dkt. Entry dated 10/28/19 (identifying receipt

information from the filing fee transaction); Dkt. No. 3, Text Order dated 10/28/19 (reopening case); Dkt. No. 4. For the reasons that follow, petitioner is directed to file an affirmation addressing the issues discussed herein.

## II. THE PETITION

Petitioner challenges a 2014 judgment of conviction in Oneida County, upon a guilty plea, of first degree assault. Pet. at 1.[1] Petitioner indicated that he did not directly appeal the conviction. *Id.* at 2.

However, petitioner did collaterally attack his state court conviction. On April 20, 2017, petitioner filed a motion to vacate pursuant to New York Criminal Procedure Law § 440 ("440 motion"). Pet. at 3. The motion was denied, without a hearing, on August 1, 2017. *Id.* at 3-4. Petitioner then sought leave to appeal the denial and, on January 11, 2018, the Fourth Department denied petitioner's request for permission to appeal. *Id.* at 7; *see also People v. Brown*, 31 N.Y.3d 1115 (2018) (referencing a Fourth Department decision, regarding Oneida County, dated January 11, 2018). On June 21, 2018, the Court of Appeals also denied petitioner's application for leave to appeal. *Brown*, 31 N.Y.3d at 1115.

Petitioner filed a second 440 motion in Oneida County Court on November 16, 2018. Pet. at 4. That motion was also denied, without a hearing, on January 30, 2019. *Id.*

Petitioner contends that he is entitled to federal habeas relief because (1) the prosecution improperly withheld *Brady* material (Pet. at 5-8); (2) petitioner did not enter his guilty plea knowingly, intelligently, or voluntarily (*id.* at 8-9); and (3) petitioner's counsel was constitutionally ineffective (*id.* at 9-14). For a more complete statement of petitioner's claims,

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

2

reference is made to the petition.

## III. DISCUSSION

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[2]

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v.*

---

[2] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

3

*McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Moreover, AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). However, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition. *Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010); *see Smith,* 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling).

Petitioner was sentenced on April 14, 2014. Pet. at 1. Petitioner did not directly appeal that conviction. *Id.* at 2. Because petitioner failed to file a notice of appeal his conviction become final thirty days after he was sentenced. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (per curiam) (explaining that the one-year statute of limitations began to run when the petitioner's time for filing a notice of appeal from the judgment of conviction expired); *Vaughan v. Lape*, No. 9:05-CV-1323 (DNH), 2007 WL 2042471, *4 (N.D.N.Y. July 12, 2007) ("In New York, a defendant has thirty days after the 'imposition of the sentence' to

4

notify the court that he will appeal.") (quoting CPL § 460.10(1)(a)); *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009). Therefore, petitioner's conviction became final on May 14, 2014. Accordingly, petitioner had until May 14, 2015, to timely file his habeas petition. 28 U.S.C. § 2244(d)(1). The present petition was signed on October 15, 2019, almost four and a half years past the termination of the statute of limitations.[3]

Further, based on the present petition, it does not appear that the statute of limitations should be statutorily or equitably tolled. Assuming petitioner properly filed his 440 motions, they provide no help saving petitioner's current claims because petitioner began filing the 440 motions in April of 2017, almost two years after the statute of limitations expired. Accordingly, it would have no bearing on the present analysis because an application for collateral relief cannot serve to "revive [an] expired statute of limitations." *Gillard v. Sticht*, No. 9:16-CV-0513 (MAD), 2017 WL 318848, at *3 (N.D.N.Y. Jan. 23, 2017) (citations omitted); *accord, Roberts v. Artus*, No. 1:16-CV-2055, 2016 WL 2727112, at *2 (E.D.N.Y. May 5, 2016) ("If the 440 motion was filed after the one-year statute of limitations period expired, it cannot be counted for purposes of statutory tolling."). Moreover, nothing in petitioner's filing indicates equitable tolling applies to excuse any delays.

The Supreme Court has held that the district court may raise the statute of limitations issue sua sponte, but before the court may dismiss the petition sua sponte on that basis, the petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006). Accordingly, the Court will give petitioner

---

[3] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988)

5

an opportunity to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order explaining why the statute of limitations should not bar his petition. The affirmation shall not exceed fifteen (15) pages in length. If petitioner fails to comply with this order, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

## III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition. The affirmation shall not exceed fifteen (15) pages in length. Petitioner should state the date(s) upon which he filed any state court applications for relief in which he challenged his conviction, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) were denied. If petitioner is asking the court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so. No answer to the petition will be required from the respondent until petitioner has submitted the required affirmation, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is further

**ORDERED** that if petitioner fails to submit the required affirmation, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court; and it is further;

**ORDERED** that the Clerk is respectfully directed to serve a copy of this Order, as well as a copy of General Order No. 22, on petitioner.

Dated: November 6, 2019

Thomas J. McAvoy
Senior, U.S. District Judge